*219 OPINION OF THE COURT
Per Curiam.
By order of the Supreme Court of the State of California, filed on July 22, 2011, the respondent was suspended from the practice of law in that state for a period of three years, execution of the sentence was stayed, the respondent was actually suspended from the practice of law for a period of 30 days, and the respondent was placed on probation for a period of three years. The respondent was admitted to the California Bar on September 20, 2004.
The order was based on a stipulation re facts, conclusions of law and disposition and order approving actual suspension, and attachment thereto (hereinafter the stipulation and attachment), dated March 22, 2011, and signed by Judge Richard A. Horn of the State Bar Court of California. In the stipulation and attachment, the respondent admitted to the facts below and to his culpability for violating various statutes and the California Rules of Professional Conduct.
On December 9, 2008, the respondent was retained by Marie Mangine to represent her in a civil matter against Shizue Akahoshi (hereinafter the Mangine action). On December 23, 2008, the respondent filed an ex parte application for a continuance of the trial, and a hearing was set for December 24, 2008. Akahoshi filed an ex parte application to dismiss the complaint. The respondent appeared in court on December 24, 2008. The court denied the application to continue the trial, and did not rule on the application to dismiss the complaint. The court set the return date for an order to show cause regarding the imposition of sanctions against the respondent and the plaintiff in the Mangine action for January 5, 2009.
On January 5, 2009, the respondent appeared for a status conference telephonically via “courtcall,” and claimed illness and a personal emergency. The hearing was adjourned to January 7, 2009, but, on that date, the respondent failed to appear or to file any responsive papers. The respondent called the court claiming illness again, and the court adjourned the hearing until January 13, 2009, with notice to the respondent. On that date, the respondent failed to appear for trial or to file any documents. As a consequence, the Mangine action was dismissed with prejudice.
On January 21, 2009, counsel for Akahoshi filed a memorandum of costs. Although in receipt of that paper, the respondent did not oppose it. On March 3, 2009, counsel for Akahoshi filed *220 a motion to determine the prevailing party and for attorney’s fees. A hearing date was set for April 29, 2009. The respondent received the motion papers, but did not oppose it. On the scheduled date, the respondent called the court with a request to appear telephonically, but the request was denied. The respondent failed to appear, and the court granted Akahoshi’s motion in part.
The respondent filed a motion for relief from dismissal on the ground that the dismissal stemmed from his malfeasance, and not his client’s conduct. The hearing on that motion was set for June 18, 2009. On that date, the respondent appeared, and the motion was granted. The respondent was directed to pay Akahoshi and her attorney, Paul Gold, the sum of $2,100 in sanctions within 20 days. A $1,000 fine also was imposed, payable to the State Bar of California Client Security Fund within 20 days. The trial was rescheduled for August 3, 2009. On that date, the respondent, who was directed to call his first witness, advised the court that he was not prepared to proceed, and requested a one-day continuance. The request was denied. Counsel for Akahoshi moved for a nonsuit, and the motion was granted.
The respondent failed to report the sanctions to the State Bar within 30 days of the June 18, 2009 hearing date. To date, the sanctions and fines have not been paid.
The parties to the California disciplinary proceeding stipulated that, by failing to appear for the hearing on January 7, 2009, or to file any opposition, by failing to oppose Akahoshi’s March 3, 2009 motion, and by being unprepared to proceed with the trial resulting in dismissal of the action, the respondent willfully, recklessly, and repeatedly failed to competently represent his client in violation of rule 3-110 (A) of the California Rules of Professional Conduct. The parties further stipulated that the respondent’s failure to pay the sanctions and fines violated section 6103 of the California Business and Professions Code, and that his failure to report to the appropriate agency that he had been sanctioned violated section 6068 (o) (3) of the California Business and Professions Code.
In October 2008, Valorie Massalas retained the respondent to represent her in a civil matter (hereinafter the Massalas action). On May 29, 2009, the defense in the Massalas action filed a motion for summary adjudication. Although in receipt of the motion papers, the respondent failed to appear on the scheduled date for the hearing, June 25, 2009. As a consequence, the motion was granted as to the fourth cause of action.
*221 On June 26, 2009, the court in the Massalas action set a final status conference for June 29, 2009. The respondent received notice of the conference, but on the scheduled date telephoned and informed the court that he was running late. The case was called at the scheduled time. An order to show cause regarding the respondent’s failure to appear and to impose sanctions set a return date of July 2, 2009. On that date, the respondent appeared, and a trial date was set for July 6, 2009. On that date, the respondent appeared and informed the court that he was unprepared to proceed. A motion by the defense to dismiss the Massalas action was granted.
The parties to the California disciplinary proceeding stipulated that, by failing to make several appearances or to be prepared for trial resulting in dismissal of the case, the respondent willfully and recklessly failed to provide competent legal services to Massalas in violation of rule 3-110 of the California Rules of Professional Conduct.
The stipulation and attachment noted both aggravating and mitigating circumstances. Aggravated circumstances included the fact that several separate client matters were involved, multiple instances of misconduct occurred with respect to each matter, the misconduct resulted in dismissals of client matters, and the respondent’s misconduct caused harm to the administration of justice. Mitigating circumstances included the respondent’s willingness to enter into the stipulation, the absence of any prior record of discipline of the respondent, and the fact that the respondent suffered from depression during the period of misconduct.
By order of the Supreme Court of the State of California filed July 22, 2011, the respondent was suspended from the practice of law in that state for a period of three years, execution of the sentence was stayed, the respondent was actually suspended from the practice of law for a period of 30 days, and the respondent was placed on probation for a period of three years. The order further provided that, at the expiration of the period of probation, if the respondent has complied with all the conditions of probation, the three-year period of stayed suspension will be satisfied and that suspension will be terminated. In addition, the respondent was directed to take and pass the Multistate Professional Responsibility Examination within one year of the effective date of the order.
Although served with notice pursuant to 22 NYCRR 691.3 by the Grievance Committee for the Second, Eleventh, and *222 Thirteenth Judicial Districts on October 28, 2011, the respondent has neither filed a verified statement, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.
In view of the discipline imposed by the Supreme Court of the State of California, we find that the imposition of reciprocal discipline is warranted, and suspend the respondent from the practice of law for a period of six months. Any application by the respondent for reinstatement to the New York State Bar is conditioned upon proof of payment of attorney registration fee arrearages and satisfaction of all continuing legal education requirements.
Mastro, A.P.J., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, John Joseph Leonard, is suspended from the practice of law for a period of six months, commencing August 6, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 7, 2013. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,
Ordered that the respondent’s future reinstatement shall be conditioned upon proof of payment of attorney registration fee arrearages and satisfaction of all continuing legal education requirements; and it is further,
Ordered that the respondent, John Joseph Leonard, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, John Joseph Leonard, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, *223 clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, John Joseph Leonard, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).